UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBBY EARLEY,

          Plaintiff,

  v.

TARGET CORPORATION,

          Defendant.

NO. 3:22-cv-05873-DGE

JOINT STATUS REPORT

Plaintiff, by and through her counsel of record, and Defendant, by and through its counsel of record, present this Joint Status Report and Discovery Plan.

**1.  Statement of Nature & Complexity of Case.**

This is a personal injury case arising out a trip and fall occurring at the Target Vancouver East at 16200 SE Mill Plain Blvd, Vancouver, WA 98684-9638 on August 2, 2021. Defendant denies liability and the extent of Plaintiff's claimed damages.

**2.  Proposed Deadline for Joining Additional Parties.**

The parties propose June 1, 2023, as the deadline for seeking to join additional parties, if any.

**3.  Consent to Magistrate.**

JOINT STATUS REPORT
PAGE 1 OF 5

GRUBE ‖ OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 1711
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

The parties do not consent to assignment of this case to a full time United States Magistrate Judge.

**4.      Fed. R. Civ. P. 26(f)(3) Discovery Plan.**

The Rule 26 conference was completed on December 30, 2022.

  **A.      Initial Disclosures.**

The parties plan to exchange initial disclosures on or before February 13, 2023.

  **B.      Subjects, Timing, and Potential Phasing of Discovery.**

The parties assert that discovery may be needed on liability, medical causation and damages, which should be obtained by methods including, but not limited to, interrogatories, requests for production, requests for admission, and depositions.

  **C.      Electronically Stored Information.**

Plaintiff anticipates discovery of in-store video recordings of the subject incident which are stored electronically. No other discovery of electronically stored information is anticipated at this time.

  **D.      Privilege Issues.**

At the present time, the parties do not foresee any unusual issues regarding claims of privilege.

  **E.      Proposed Limitations on Discovery.**

The parties propose discovery within the limitations set forth in the Federal Rules of Civil Procedure.

  **F.      Discovery-Related Orders**

Defendant will produce confidential and proprietary information pursuant to a Protective Order.

JOINT STATUS REPORT
PAGE 2 OF 5

GRUBE || OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 1711
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

**5. Local Civil Rule 26(f)(1) Topics:**

    **A.**    **Prompt Case Resolution.**

The parties decline to participate in the Individualized Trial Program.

    **B.**    **Alternative Dispute Resolution.**

The parties agree to submit to mediation under Local Civil Rule 39.1(c), a settlement conference before a magistrate judge, or any other alternative dispute resolution procedure that the Court deems appropriate at the conclusion of discovery.

    **C.**    **Related Cases.**

The parties are unaware of any related cases.

    **D.**    **Discovery Management.**

The parties request that this case be assigned to a single judge for purposes of pretrial discovery management.

    **E.**    **Anticipated Discovery Sought.**

Interrogatories, Requests for Production, Requests for Admission, and depositions related to liability, medical causation, and damages.

    **F.**    **Phasing of Motions.**

The parties do not anticipate phasing motions to facilitate early resolution of potentially dispositive issues.

    **G.**    **Preservation of Discoverable Information.**

At the present time, the parties do not have preliminary issues relating to the preservation of discovery information.

    **H.**    **Privilege Issues.**

The parties agree to comply with the procedures for handling inadvertent production of

JOINT STATUS REPORT
PAGE 3 OF 5

GRUBE ‖ OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 1711
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

privileged information contained in Fed. R. Civ. P. 26(b)(5)(B). The parties have no other privilege waiver issues at this time.

### I.   Model Protocol for Discovery of ESI.

The parties do not anticipate that a protocol for discovery of ESI will be necessary.

### J.   Alternatives to Model ESI Protocol.

The parties do not anticipate that alternatives to the model protocol for discovery of ESI will be necessary.

### 6.   Completion of Discovery.

Discovery will be completed by August 25, 2023.

### 7.   No Bifurcation.

The parties do not believe bifurcation is necessary.

### 8.   Individual Trial Program and ADR.

The parties will engage in pretrial mediation pursuant to Local Civil Rule 39.1(c), a settlement conference before a magistrate judge, or any other alternative dispute resolution procedure that the Court deems appropriate and will work together to determine what discovery needs to occur prior to ADR. The parties decline to participate in the Individualized Trial Program.

### 9.   Other Suggestions for Shortening or Simplifying Case.

Counsel will work toward shortening and simplifying the case but have no specific suggestions at this time.

### 10.   Trial Date.

Plaintiff believes that the case will be ready for trial by January 2024.

### 11. Jury Trial.

JOINT STATUS REPORT
PAGE 4 OF 5

GRUBE || OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 1711
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

The case will be tried by a jury.

**12. Number of Trial Days.**

The parties anticipate that trial will take approximately 5 court days.

**13. Trial Date Conflicts.**

**Plaintiff's counsel have no trial conflicts after January 2024.**

**14. Corporate Disclosure Statement.**

Defendant filed its corporate disclosure statement pursuant to Fed. R. Civ. P. 7.1 and LCR 7.1 on November 8, 2022.

**15. Service.**

Defendant has been served.

The parties stipulate that all service of documents not filed with the Court, including but not limited to, discovery requests, discovery responses, deposition notices, disclosures, and correspondence, may be made by electronic service via electronic service (email). Electronic service made by 5:00 p.m. Pacific time on any business day shall be considered equivalent to personal service on that business day. Electronic service after 5:00 p.m. or on a Saturday, Sunday, or federal holiday shall be deemed service the next business day. Service by any other means shall be governed by the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court, Western District of Washington.

RESPECTFULLY SUBMITTED this 20th day of February, 2023.

| GRUBE OREHOSKI, PLLC | BETTS PATTERSON & MINES, P.S. |
|---|---|
| By: */s/ Joseph A. Grube*<br>     */s/ Karen Orehoski*<br>Joseph A. Grube, WSBA #26476<br>Karen Orehoski, WSBA #35855<br>Attorneys for Plaintiff | By:*/s/ Shawna M. Lydon*<br>Shawna M. Lydon, WSBA #34238<br>Attorney for Defendant |

JOINT STATUS REPORT
PAGE 5 OF 5

GRUBE ǁ OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 1711
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607